UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE JOHNSON,

        Plaintiff,

   v.                                 Civil Action No. 16-10058-LTS

CAROL HIGGINS O'BRIEN, et al.

        Defendants.

ORDER

July 13, 2016

SOROKIN, J.

    Plaintiff George Johnson ("Johnson"), proceeding pro se, filed the Complaint in this action on January 11, 2016. Doc. No. 1. On March 22, 2016, the Court ordered Johnson to, by May 4, 2016, "show cause, in writing, as to why his complaint is not subject to dismissal for failure to state a claim," or, alternatively, to file an amended complaint. See Doc. Nos. 7, 8.

    On May 9, 2016, Johnson moved for an extension until June 4, 2016 to comply with the Court's Show Cause Order. Doc. No. 10. The Court allowed this motion, extending Johnson's deadline to June 4, 2016. Doc. No. 11.

    On June 14, 2016, having failed to receive any written response from Johnson, the Court ordered Johnson to respond to the Court's Show Cause Order by July 5, 2016. Doc. No. 14. The Order advised Johnson that should he fail to respond to the Court's March 22, 2016 Show Cause Order by July 5, 2016, he faces dismissal of his claims due to failure to prosecute and failure to obey the Court's order. The return receipt for mailing the Court's June 14, 2016 Order indicates that the mail was delivered to the Plymouth County Correctional Facility on June 17, 2016. Doc.

No. 15.  The deadline for responding to the Court's Show Cause Order was reset to July 12, 2016. Doc. No. 16.

The Court's records indicate that Johnson has not filed a response and the time period for doing so has expired.  Under a district court's inherent power to manage its own docket and prevent undue delay, the court has discretion to dismiss a case for a party's failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); see Torres–Alamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) (upholding dismissal when plaintiff failed to show cause for noncompliance, even after two extensions); Cintron–Lorenzo v. Departmento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002) (upholding dismissal when court warned plaintiff and granted additional time). Thus, this action will be dismissed.

Notwithstanding the dismissal of this action, Johnson remains obligated to pay the filing fee as assessed in the March 22, 2016 Memorandum and Order.  See Purkey v. Green, 28 Fed. Appx. 736, 746 (10th Cir. 2001) ("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits. . . . Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court.").[1]

### CONCLUSION

Accordingly, it is hereby ORDERED that this action is dismissed without prejudice.  The

---

[1] Pursuant to the PLRA, the only issue for a court presented with a prisoner complaint is whether the filing fee must be paid "up-front," or whether the fee may be paid in installments through the inmate's prison account. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). A prisoner may not "test the waters" regarding the merits of any case without the adverse financial consequences associated with the filing fee. Here, plaintiff has engaged the resources of the court by filing the case which required an extensive review and the preparation of the March 22, 2016, Memorandum and Order and the subsequent show cause order. A filing fee -- which represents only a modest portion of the court's cost of deploying its resources -- is a means to insure that resources are not consumed thoughtlessly.

Clerk shall enter a separate order of dismissal.

SO ORDERED.

                                                  /s/ Leo T. Sorokin_____
                                                  Leo T. Sorokin
                                                  United States District Judge